IN THE SUPREME COURT OF THE STATE OF DELAWARE

JOHN E. SCHAFFERMAN, §
§ No. 398, 2016
 Defendant Below, §
 Appellant, § Court Below: Superior Court
§ of the State of Delaware
 v. §
§ Cr. ID No. 1210020297
STATE OF DELAWARE, §
§
 Plaintiff Below, §
 Appellee. §

Submitted: August 11, 2016
Decided: October 11, 2016

Before **HOLLAND, VALIHURA** and **VAUGHN**, Justices.

### O R D E R

This 11th day of October 2016, it appears to the Court that:

(1) The appellant, John E. Schafferman, is incarcerated at the Howard R. Young Correctional Institution. On August 2, 2016, the Court received Schafferman's notice of appeal from his sentencing in the Superior Court on June 30, 2016, on a violation of probation. On its face, the notice of appeal was untimely filed. Under Supreme Court Rule 6, the appeal was due to be filed within thirty days of the June 30 sentencing, *i.e.*, on or before Monday, August 1, 2016.[1]

---

[1] *See* Del. Supr. Ct. R. 6(a)(iii) (providing that an appeal must be filed within thirty days after sentence is imposed in a direct appeal of a criminal conviction); R. 11(a) (providing that if the last day of a time period is a Saturday or Sunday, or other day on which the office of the Clerk is

(2)     A notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[2]  The jurisdictional defect created by the untimely filing of a notice of appeal cannot be excused unless the appellant can demonstrate that the delay in filing is attributable to court-related personnel.[3]

(3)     On August 2, 2016, the Clerk issued a notice directing Schafferman to show cause why the appeal should not be dismissed as untimely filed.[4]  In his response to the notice, Schafferman contends that prison personnel prevented him from mailing the notice of appeal until July 28, 2016, and he asks the Court to consider the appeal as timely filed.[5]

(4)     Schafferman's response to the notice to show cause does not provide a basis for excusing the untimely filing of the notice of appeal.  A notice of appeal must be received by the Court within the applicable time period to be effective.[6] Unless an appellant can demonstrate that the failure to file a timely notice of

---

closed, the time period shall run until the end of the next day on which the office of the Clerk is open).

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[3] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[4] Del. Supr. Ct. R. 29(b).

[5] According to Schafferman, prison staff failed to timely respond to his request for a notice of appeal form and to notarize his inmate account statement for the motion to proceed *in forma pauperis*.  Also, according to Schafferman, after he was finally able to deposit the notice of appeal in the prison mail system on July 25 with an appropriate request for postage, prison staff caused further delay by returning the appeal papers to him with the envelope enclosing the papers erroneously marked "postage due."

[6] Del. Supr. Ct. R. 10(a).

appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[7]

(5) Unfortunately for Schafferman, prison personnel are not court-related personnel,[8] and Delaware has not adopted a rule similar to the federal prison mailbox rule, which deems a notice of appeal filed at the time it is delivered to prison authorities for mailing.[9] Because Schafferman does not claim, and the record does not reflect, that his failure to file a timely notice of appeal is attributable to court-related personnel, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.

NOW, THEREFORE, IT IS ORDERED under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[7] *Supra* note 3.

[8] *Zuppo v. State,* 2011 WL 761523 (Del. Mar. 3, 2011) (citing cases).

[9] *Caldwell v. State*, 2016 WL 2585763 (Del. April 20, 2016) (citing *Smith v. State*, 47 A.3d 481, 483, 486-87 (Del. 2012)).

3